1

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   ELIZABETH TACKABERRY and J.E.L., a
     minor, by and through her Guardian ad Litem,
11   Jovita Muñoz Lopez,                              No. C 08-05762 WHA

12              Plaintiffs,

13      v.                                            **ORDER RE:**
                                                      **ATTORNEYS' FEES**
14   THE COUNTY OF ALAMEDA, ALAMEDA
     COUNTY SHERIFF'S DEPARTMENT,
15   SHERIFF GREGORY AHERN, individually
     and in his official capacity, SANTA RITA
16   JAIL, CITY of LIVERMORE, LIVERMORE
     POLICE DEPARTMENT, STEVE SWEENY,
17   in his official capacity and individually,
     PUBLIC HEALTH SERVICES, INC, and
18   DOES 1 to 100, inclusive,

19              Defendants.
                                                 /
20

21          The parties have reached an agreement to end this suit, to which a minor is a party.

22   Settlement of a minor's claim can only be completed with court approval, pursuant to Cal. Code

23   Civ. Proc. 372, and the parties accordingly seek such approval from the Court.  Counsel for

24   plaintiffs have submitted attorneys' fees sought in the form of a percentage of the settlement,

25   but have not accounted for their time spent in this proceeding.  Plaintiffs' counsel seeks 25% of

26   the settlement allotted to minor J.E.L., and 33% of the settlement allotted to Ms. Tackaberry.

27          Before the undersigned considers approval of the parties' settlement, counsel for

28   plaintiffs must provide a meaningful accounting of their time spent in this matter.  The

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  following procedure must be used for any attorneys' fees sought.  It is structured to allow for a

2  thorough evaluation of time expended.

3      1.      No later than **JULY 17, 2010**, plaintiffs' attorneys must file and serve a detailed

4  declaration, organized by discrete projects, breaking down all attorney and paralegal time

5  sought to be recovered.  For each project, there must be a detailed description of the work,

6  giving the date, hours expended, attorney name, and task for each work entry, in chronological

7  order.  A "project" means a deposition, a motion, a witness interview, and so forth.  It does not

8  mean generalized statements like "trial preparation" or "attended trial."  It includes discrete

9  items like "prepare supplemental trial brief on issue X."  The following is an example of time

10  collected by a project.

PROJECT:  ABC DEPOSITION (2 DAYS IN FRESNO)

| Date | Time-keeper | Description | Hours x | Rate = | Fee |
|------|-------------|-------------|---------|--------|-----|
| 01-08-01 | XYZ | Assemble and photocopy exhibits for use in deposition. | 2.0 | $100 | $200 |
| 01-09-01 | RST | Review evidence and prepare to examine ABC  at deposition. | 4.5 | $200 | $900 |
| 01-10-01 | XYZ | Research issue of work-product privilege asserted by deponent. | 1.5 | $100 | $150 |
| 01-11-01 | RST | Prepare for and take deposition. | 8.5 | $200 | $1700 |
| 01-12-01 | RST | Prepare for and take deposition. | 7.0 | $200 | $1400 |
|  | Project Total: |  | 23.5 |  | $4350 |

21      2.      All entries for a given project must be presented chronologically one after the

22  other, *i.e.*, uninterrupted by other projects, so that the timeline for each project can be readily

23  grasped.  Entries can be rounded to the nearest quarter-hour and should be net of write-down for

24  inefficiency or other cause.  Please show the sub-totals for hours and fees per project, as in the

25  example above, and show grand totals for all projects combined at the end.  Include only entries

26  for which compensation is sought, *i.e.*, after application of "billing judgment."  For each

27  project, the declaration must further state, in percentage terms, the proportion of the project

28  directed at issues for which fees are awardable and must justify the percentage.  This percentage

2

should then be applied against the project total to isolate the recoverable portion (a step not shown in the example above).

3.     A separate summary chart of total time and fees sought per individual timekeeper (not broken down by project) should also be shown at the end of the declaration. This cross-tabulation will help illuminate all timekeepers' respective workloads and roles in the overall case.

4.     The declaration must also set forth (a) the qualifications, experience and role of each attorney or paralegal for whom fees are sought; (b) the normal rate ordinarily charged for each in the relevant time period; (c) how the rates were comparable to prevailing rates in the community for like-skilled professionals; and (d) proof that "billing judgment" was exercised. On the latter point, as before, the declaration should describe adjustments made to eliminate duplication, excess, associate-turnover expense, and so forth.  These adjustments need not be itemized but totals for the amount deleted per timekeeper should be stated.  The declaration must identify the records used to compile the entries and, specifically, state whether and the extent to which the records were contemporaneous versus retroactively prepared.  It must state the extent to which any entries include estimates (and what any estimates were based on). Estimates and/or use of retroactively-made records may or may not be allowed, depending on the facts and circumstances.

5.     Ordinarily, no more than one attorney and one paralegal need be present at a deposition; more will normally be deemed excessive.  Ordinarily, no more than one attorney need attend a law-and-motion hearing; more will normally be deemed excessive.  To allow for symmetry, however, the award will take into account the staffing used by the opposing party.

**IT IS SO ORDERED.**

Dated:  June 17, 2010.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE